Anna Belesiotis, CA SBN 272710
Assistant Federal Public Defender
Email: anna_belesiotis@fd.org
Chandra Leigh Peterson, CA SBN 306935
Assistant Federal Public Defender
Email: chandra_peterson@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123

Attorneys for Mr. Rojo-Llamoza

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00114-SI-1 |
| Plaintiff, | |
| v. | SUPPLEMENTAL BRIEF CONCERNING MR. ROJO-LLAMOZA'S STATEMENTS |
| CESAR ANDRES ROJO-LLAMOZA, | |
| Defendant. | |

On October 19, 2025, this Court entered an order granting, in part, Mr. Rojo-Llamoza's motion for an evidentiary hearing. In that order, this Court requested clarification regarding Mr. Rojo-Llamoza's request to suppress statements. This supplemental brief follows.

To date, none of the discovery provided by the government indicates that Mr. Rojo-Llamoza made post-arrest statements. However, during a telephone conversation with government counsel, she suggested that at some point after Mr. Rojo-Llamoza's arrest, he apologized to the ICE agents. Because none of Mr. Rojo-Llamoza's arrest was recorded by ICE—neither via audio

or video—it is unclear the circumstances surrounding this statement, to whom the statement was made, or even when this alleged apology occurred. Mr. Rojo-Llamoza expects that if the government sought to introduce this statement at trial, he would receive discovery, such as a witness statement or report on investigation as required under Rule 16. To date, nothing has been received documenting the alleged statement.

If Mr. Rojo-Llamoza did in fact make statements *during the delay* in his presentment before a magistrate, defense requests that this Court suppress those statements due to the government's violation of Rule 5, as argued in his Motion to Dismiss. ECF 17. If the testimony at the evidentiary hearing demonstrates that Mr. Rojo-Llamoza did not make any statements to ICE agents, or the alleged statements were made in the 6-hour post-arrest "safe harbor" window as provided by *United States v. Corley*, 556 U.S. 303, 313-14 (2009), then defense believes that pursuant to *United States v. Dominguez-Caicedo*, that dismissal is the appropriate remedy for the Rule 5 violation. 40 F.4th 938, 950 (9th Cir. 1978) ("When an individual does not make any incriminating statements during the delay in presentment, we have previously suggested that vacating the conviction and dismissing the indictment is a 'drastic remedy' that the court can 'invoke.'").

Dated: October 22, 2025

>  /s/ Anna Belesiotis
>  Anna Belesiotis, CA 272710
>
>  /s/ Chandra Peterson
>  Chandra Leigh Peterson, CA SBN 306935
>
>  Attorney for Mr. Rojo-Llamoza